UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

FEB 1 0 2003    KN

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                         DEPUTY

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )
vs.                          )    Case CR03-11C
                             )
ABEL NGOZIBHUKWU NNABUE,     )
                             )    **ORIGINAL**
        Defendant.           )
_____)

PLEA

on January 31, 2003, before the Honorable John L. Weinberg,

United States Magistrate Judge, at the United States Courthouse,

Seattle, Washington

CR 03 00011 #00000024

Appearances of Counsel

On Behalf of Plaintiff.          LAWRENCE LINCOLN

                                 Assistant U.S. Attorney

On Behalf of Defendant.          OMIDARE JUPITER

                                 As't Federal Public Defender


Sue Palmerton

Official Court Reporter

(206) 553-1899

1    Seattle, Washington; Friday, January 31, 2003, 10.35 a.m.

2         THE COURT·  Good morning.  Be seated, please.  This is

3    U.S. versus Mr. Abel Nnabue.  Is that how you say your name,

4    sir?

5         THE DEFENDANT.  That's correct

6         THE COURT·  Case CR03-11C.  And, Mr. Jupiter, I take it

7    you expect your client will enter a guilty plea to the charge

8    today?

9         MR. JUPITER·  That's correct, Your Honor.

10        THE COURT·  Mr. Nnabue, would you stand and raise your

11   right hand and be sworn as a witness, please.

12     (The defendant was sworn.)

13        THE COURT·  Be seated, please.  Mr. Jupiter, do you and

14   Mr. Nnabue have a copy of the indictment returned in this case

15   on January 9th of this year?

16        MR. JUPITER:  That's correct, Your Honor, we do.

17        THE COURT   Mr. Nnabue, is your true name as written

18   and spelled there on the indictment?  I won't even try to say

19   your middle name

20        THE DEFENDANT.  Ngozichukwu.

21        THE COURT   The first name and middle name and last

22   name are all correct as written in the indictment?

23        THE DEFENDANT.  That's correct.

24        THE COURT·  How old are you?

25        THE DEFENDANT.  28 .

1          THE COURT:  How much education have you completed, sir?

2          THE DEFENDANT.  Completed high school, some college.

3          THE COURT   Have you ever been treated for a mental

4   disease or disorder of any kind?

5          THE DEFENDANT:  Mental disease?

6          THE COURT   Ever been treated for a problem with your

7   head, with your thinking and mental processes?

8          THE DEFENDANT·  No.

9          THE COURT:  Are you today under the influence of any

10  drugs or controlled substance or alcohol?

11         THE DEFENDANT.  No

12         THE COURT·  Mr. Jupiter, are you aware of any facts

13  which would raise any question about Mr. Nnabue's competence to

14  enter a valid plea?

15         MR  JUPITER·  None at all, Your Honor.

16         THE COURT:  All right, Mr. Lincoln, would you summarize

17  for us what the charge is to which Mr. Nnabue would enter a

18  guilty plea today.

19         MR  LINCOLN:  Yes, Your Honor.  The defendant will be

20  pleading guilty today to count 1 of the proposed indictment --

21  I'm sorry, of the indictment which charges attempted bank fraud

22     And specifically, it charges that beginning at a time

23  unknown, but at least in or about December of 2002, and

24  continuing until December 12th of 2002, within this district,

25  Mr. Nnabue and a co-defendant, Mr. Onwuharar, attempted to

1   execute a scheme and artifice to defraud Washington Mutual Bank,

2   a financial institution as defined in Title 18, United States

3   Code, and obtain monies and funds by credit -- and credits under

4   the custody and control of the bank by means of false and

5   fraudulent pretenses and representations.

6       And specifically in that count, it outlines a scheme to use

7   counterfeit driver's licenses and unauthorized credit cards to

8   make various purchases and to obtain money and property.

9       And specifically, on December 12th Mr. Onwuharar entered --

10  pursuant to that plan entered a Washington Mutual Bank branch in

11  Lynnwood and attempted to obtain $5,000.  He was rebuffed and

12  the two of them sped away with Mr. Nnabue serving as the getaway

13  driver.

14      This would be all in violation of Title 18, United States

15  Code, Section 1344.  Carries a maximum penalty of 30 years

16  imprisonment and a $1,000,000 fine.

17          THE COURT.  Mr. Jupiter, do you accept that summary of

18  the charges and possible penalties here?

19          MR. JUPITER·  Yes, Your Honor.

20          THE COURT.  Mr  Nnabue, do you understand the charge

21  and possibly penalties in count 1?

22          THE DEFENDANT:  I do.

23          THE COURT.  Mr  Jupiter, I take it you're willing to

24  waive a full and literal reading of all of count 1?

25          MR  JUPITER·  We waive.

1          THE COURT:  Mr. Nnabue, have you discussed all of the

2    facts relating to those charges with Mr. Jupiter, your attorney?

3          THE DEFENDANT·  I have.

4          THE COURT.  Are you fully satisfied with the help he's

5    given you as your attorney in the case?

6          THE DEFENDANT.  Yes.

7          THE COURT·  Mr. Jupiter, would a guilty plea here be

8    pursuant to your advice and recommendation?

9          MR. JUPITER.  Yes, Your Honor.

10         THE COURT·  Mr. Nnabue, your case is pending before

11   Chief Judge John C  Coughenour, and he would be the judge to

12   impose sentence in this case if you enter a guilty plea.

13       You may enter a guilty plea in person before Chief Judge

14   Coughenour if you wish or you may elect instead to enter your

15   guilty plea here before myself here this morning.  Either way,

16   it would be Judge Coughenour who would impose sentence in the

17   case.  Do you understand that, sir?

18         THE DEFENDANT:  Yes, I do.

19         THE COURT.  Have you signed the consent form indicating

20   that you wish to have your guilty plea entered before myself as

21   the magistrate judge?

22         THE DEFENDANT·  Yes.

23         THE COURT.  Mr. Jupiter, you've discussed that with

24   him?

25         MR. JUPITER.  Yes, I have

1        THE COURT:  Next, Mr. Nnabue, I'd like to go over with

2   you the plea agreement in the case.  It's important that all of

3   us understand exactly what promises the government has made to

4   you and what promises you've made to the government

5        The lawyers have set forth the agreement between the parties

6   here in a written document, a plea agreement some six pages in

7   length.  It appears to have your signature.

8        Mr. Nnabue, have you read through this carefully and have

9   you signed it, sir?

10           THE DEFENDANT.  Yes, I have.

11           THE COURT:  Have you discussed it fully with Mr.

12  Jupiter, your attorney?

13           THE DEFENDANT·  Yes.

14           THE COURT·  Let's take a few minutes to go over it

15  together.  In the first paragraph, it indicates you understand

16  you have a right to a trial before a jury on this charge.  Also

17  says you're willing to give up or waive your right to a trial of

18  any kind and wish to enter a guilty plea to the charge.

19       By doing that, you'd be giving up any objection you might

20  have to the form of the charges.  Is that all what you wish to

21  do, sir?

22           THE DEFENDANT.  Yes.

23           THE COURT:  Paragraph 2 lists the elements of this

24  offense.  These are things the government must prove if there

25  were a trial in your case and they most prove each element

1  | beyond a reasonable doubt.

2  | First, they'd have to prove that you knowingly made up a
3  | plan or scheme to obtain money or property from the Washington
4  | Mutual Bank by means of false representations.  They must also
5  | prove that the false representations were material   That is,
6  | they would reasonably influence the bank to part with money or
7  | property

8  | The government would have to prove at trial, also, that you
9  | acted with intent to defraud, that you did something which is a
10 | substantial step toward carrying out the plan and/or scheme.
11 | And that Washington Mutual Bank was federally insured at the
12 | time of this offense.

13 | Do you understand each of the elements, Mr  Nnabue?

14 | THE DEFENDANT:  Yes, sir.

15 | THE COURT:  By pleading guilty, you're giving up your
16 | right to have the government prove those beyond a reasonable
17 | doubt   Do you understand?

18 | THE DEFENDANT:  Yes.

19 | THE COURT.  Paragraph 3 lists the possible penalties on
20 | the charge and Mr. Lincoln has covered those for the most part
21 | for us.  Let me cover a couple of things with you.

22 | First, if you're sentenced to imprisonment in the case, the
23 | court can also impose what is called a period of supervised
24 | release following your release from prison.  And that can be a
25 | period of up to five years in addition to any imprisonment in

1  the case.

2      During that five-year period or whatever period the court

3  sets for supervised release, you'd have to follow certain

4  conditions the court would set for you.  If you follow those

5  conditions, there would be no further penalty.  If you violate

6  any of the conditions, the court can revoke your supervised

7  release and impose additional imprisonment

8      Do you understand that, sir?

9          THE DEFENDANT.  Yes.

10          THE COURT:  Now, paragraph 4 of your plea agreement

11  lists some basic rights which go with a not guilty plea.  These

12  are all rights you'd be giving up or waiving if you plead guilty

13  to the charge.

14      Mr. Nnabue, as long as you plead not guilty, as we mentioned

15  earlier, you have the right to a trial before a jury and you

16  would be presumed to be innocent at your trial.  The government

17  would have the burden of proving that you were guilty.  The

18  government must prove your guild beyond a reasonable doubt.  Do

19  you understand that?

20          THE DEFENDANT·  Yes.

21          THE COURT:  At a trial, you'd have a right to require

22  the government to bring their witnesses to court.  They would

23  testify in person in your presence under oath.  You'd have a

24  right to have Mr. Jupiter, your attorney, cross-examine or ask

25  questions of the government's witnesses.

1    You'd also have a right to call witnesses for your side of

2   the case at the trial. And if necessary, the court would issue

3   orders or subpoenas to bring witnesses here for your side of the

4   case

5    You may testify yourself at your trial if you wish or you

6   may decide not to testify and decide to remain silent. If you

7   remained silent, the judge and the jury could not consider that

8   silence against you in any way

9    If you're found guilty, you would have a right to appeal the

10   finding of guilt to a higher court. You would also have the

11   right to appeal any pretrial rulings the court might have made

12   in your case.

13    Do you understand all of those rights?

14        THE DEFENDANT:  Yes

15        THE COURT·  These are all rights which go with a not

16   guilty plea, the rights which are associated with a trial. If

17   you plead guilty to the charge, you'd be giving up all those

18   rights   Is that what you wish to do?

19        THE DEFENDANT.  Yes.

20        THE COURT:  Paragraph 5 says that the U.S. Sentencing

21   Guidelines apply in this case   Judge Coughenour at the time of

22   sentencing will determine facts about you and about your

23   background and about this offense. He will then apply the U.S.

24   Sentencing Guidelines, and Judge Coughenour will determine what

25   is called a sentencing guideline range for your case. That is a

1   range for the possible imprisonment and a range for the possible

2   fine to be imposed in the case.

3       Judge Coughenour will then determine a specific sentence

4   which is appropriate for your case   Usually the court picks a

5   specific sentence which is within the guideline sentencing

6   range, but not always.  Sometimes the court will go above or

7   below the range for a specific sentence.

8       Do you understand that, sir?

9           THE DEFENDANT.  Yes

10          THE COURT·  Judge Coughenour might receive

11  recommendations from Mr. Jupiter, or from Mr. Lincoln, or from

12  our probation office or from others on sentencing matters, but

13  he's not required to follow anyone's recommendations.  Those are

14  his decisions to make on the sentencing guideline range and also

15  on the specific sentence.  Do you understand that?

16          THE DEFENDANT.  Yes

17          THE COURT·  Once you enter a guilty plea, Mr. Nnabue,

18  you will not be able to change your mind and withdraw your

19  guilty plea solely because of the sentence iimposed by the

20  court.  So, there is no changing your mind and going back.  Do

21  you understand that?

22          THE DEFENDANT·  Yes.

23          THE COURT.  Paragraph 6 says that no one has promised

24  or guaranteed to you what sentence the court will impose in your

25  case   Is that true, sir?

1    THE DEFENDANT:  Yes.

2    THE COURT·  In paragraph 7, you promise to make

3    restitution.  That is, to pay back the amount of the losses

4    involved in the case   The amount that you have to pay back will

5    be determined by the court.  And the court will determine the

6    schedule of payments by which you're required to make those

7    payments.  Do you understand that?

8    THE DEFENDANT.  Yes.

9    THE COURT·  While we're on that subject, Mr. Lincoln,

10   what is the amount of restitution?  Do you have a figure for

11   that at this point?

12   MR  LINCOLN.  Your Honor, at this point this was an

13   attempted bank fraud that was not successful.  At this point, we

14   bellieve perhaps $1200 in actual losses associated with the use

15   of credit cards for which Mr. Nnabue received a benefit.  That

16   is what we would be looking to him in the nature of restitution.

17   THE COURT·  So, the government will be asking the court

18   to order him to make restitution for other frauds other than the

19   one charged in count 1.  Is that correct?

20   MR. LINCOLN:  Well, there is no loss in the charge in

21   count 1   They attempted to obtain a $5,000 cash advance and

22   were not able to do that   They were rebuffed at the bank.  So,

23   we're talking about other charges pursuant to the same scheme.

24   We've associated approximately $1200 at this point in actual

25   losses with Mr  Nnabue, and we'll be seeking that in the nature

1  of restitution.

2          THE COURT.  Okay.  Mr. Jupiter, any dispute with that?

3          MR. JUPITER   Your Honor, in terms of -- I believe that

4  is the loss of purchase.  I don't know, he was referring to

5  watches that were purchases and were recovered.  So, I don't

6  know whether or not in the final result, whether or not at

7  sentencing -- but it could be up to that amount.

8          THE COURT.  Okay, Mr. Nnabue, do you understand, sir,

9  that you could be required to make restitution for some of these

10  other transactions even though they're not charged in the count

11  to which you're entering a guilty plea?  Do you understand

12  that, sir?

13          THE DEFENDANT·  Yes.

14          THE COURT:  What those amounts would be or whether

15  there are any such amounts will have to be determined by Judge

16  Coughenour   He'll hear from both sides before he determines

17  that.  Do you understand?

18          THE DEFENDANT:  Yes.

19          THE COURT·  Paragraph 8 of your plea agreement sets

20  forth the facts which you and the government have agreed support

21  this charge against you    Have you read through the facts as

22  they're stated in paragraph 8, Mr. Nnabue?

23          THE DEFENDANT.  Yes.

24          THE COURT:  Are those facts all true, sir?

25          THE DEFENDANT:  Yes.

1          THE COURT.  Did you and Mr. Onwuharar work out a scheme
2    or a plan to defraud Washington Mutual Bank by means of false
3    and fraudulent pretenses and representations?  Is that true?
4          THE DEFENDANT    Yes.
5          THE COURT:  And did you do that by obtaining
6    unauthorized credit cards in names other than your own true
7    names and also obtaining counterfeit driver's licenses matching
8    those names?
9          THE DEFENDANT:  Yes.
10          THE COURT.  Did you and Mr. Onwuharar go to the
11    Washington Mutual Bank in Lynnwood on December 12th of 2002?
12          THE DEFENDANT:  Yes.
13          THE COURT:  And at that time, did Mr. Onwuharar attempt
14    to obtain a $5,000 cash advance using one of the fraudulent
15    credit cards?
16          THE DEFENDANT    Yes.
17          THE COURT.  Did you know he was doing that?
18          THE DEFENDANT:  Yes.
19          THE COURT·  And were you, in fact, in the car and
20    serving as the getaway driver if that had taken place?
21          THE DEFENDANT:  Yes
22          THE COURT:  All right.  In paragraph 9, the government
23    has promised not to prosecute you -- first of all, they've
24    promised to move to dismiss the other counts of the indictment
25    as they relate to you at the time of the sentencing.

1    They've also promised not to prosecute you for any

2    additional offenses the government knows about at this time or

3    that arise out of the conduct giving rise to the investigation.

4    The government does have the right to present to the court

5    through our probation office evidence of all relevant conduct

6    committed by you    Do you understand that?

7            THE DEFENDANT:  Yes

8            THE COURT·  Although the government will be moving to

9    dismiss some of the charges in this case, you agree in paragraph

10   9 that those charges are based on fact and that the dismissal of

11   the charges does not provide you with a basis for any future

12   claims as a prevailing party under the Hyde Amendment    Have you

13   agreed to that, sir?

14           THE DEFENDANT.  Yes.

15           THE COURT:  One of the factors Chief Judge Coughenour

16   will consider in determining how the sentencing guidelines apply

17   to your case, he'll consider whether you have accepted

18   responsibility for your offense.  If the court finds that you

19   have, and if our probation office recommends you receive a

20   benefit for acceptance of responsibility, the government has

21   agreed they will not oppose the downward adjustment to your

22   sentencing guideline range for that.    Do you understand that?

23           THE DEFENDANT:  Could you repeat that, please

24           THE COURT·  If a defendant accepts responsibility, the

25   court can lower or reduce the sentencing guideline range.  I'm

1    looking at paragraph 10 of the plea agreement.  And what you and
2    the government have agreed here is that if our probation office
3    recommends that you should get that downward adjustment for
4    acceptance of responsibility, the government attorneys agree
5    they will not oppose that.  Do you understand?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT  Has anyone threatened you or forced you or
8    coerced you in any way to enter a guilty plea?

9              THE DEFENDANT:  No.

10             THE COURT.  Paragraph 12 of your agreement says that if
11   the court does not accept your plea agreement for any reason or
12   if you break any of the promises you made under the plea
13   agreement, then the government can bring additional charges
14   against you or bring again the charges which would be dismissed
15   here

16        And in paragraph 12, you agree to give up any claim you
17   might have that the new charges are not timely filed against
18   you.  In other words, you would be giving up the statute of
19   limitations defense to the extent spelled out here in paragraph
20   12.  Do you understand that, sir?

21             THE DEFENDANT:  Yes.

22             THE COURT:  The government's promises here are based on
23   your conduct up through this hearing  If after today's hearing,
24   you do such things as obstruction of justice, or failure to
25   appear for a court proceeding, or any new criminal conduct, or

1   any false statements you might make to law enforcement officers,

2   or to the probation office, or to the court, then if those

3   things happen or anything like those things, the government is

4   free to ask the court for a sentencing enhancement or upward

5   departure.  That is a higher sentence for you    Do you

6   understand that?

7            THE DEFENDANT:  Yes.

8            THE COURT.  Mr. Lincoln, is that the full agreement

9   between the parties here?

10           MR. LINCOLN·  That is the complete agreement, Your

11  Honor.

12           THE COURT·  Mr. Jupiter, have we covered all the terms

13  of the agreement?

14           MR. JUPITER.  Yes, Your Honor

15           THE COURT.  Mr. Nnabue, are there any other promises or

16  different promises besides what we've talked about?

17           THE DEFENDANT·  No.

18           THE COURT.  Mr. Lincoln, is the government claiming any

19  forfeiture of property in this case?

20           MR. LINCOLN:  No, Your Honor, we are not.

21           THE COURT:  Is there any claim that Mr. Nnabue was on a

22  federal court bond when he committed this offense?

23           MR. LINCOLN.  No, there is no claim.

24           THE COURT.  Let me ask both counsel.  Is there any

25  information Mr. Nnabue was on probation or parole or supervised

1  release in any other case at the time this offense was

2  committed?

3          MR. JUPITER:  Not to my knowledge, Your Honor.

4          MR  LINCOLN:  Not to my knowledge, Your Honor.

5          THE COURT·  Mr. Nnabue, as I recall, you are a citizen

6  of the United States.  Is that right, sir?

7          THE DEFENDANT:  That's correct.

8          THE COURT·  Now, if you're convicted of this offense,

9  that would be a felony conviction.  If you have a felony

10  conviction, you will lose some valuable civil rights, which

11  include the right to vote, the right to hold public office, the

12  right to serve on a jury  You will also lose the right to

13  possess a firearm at any time because you have a felony

14  conviction.  Do you understand that, sir?

15          THE DEFENDANT:  Yes.

16          THE COURT·  And we're ready if you are to have you

17  enter your plea to this charge  And again, the charge is as set

18  forth in count 1 of the indictment returned on January 9th of

19  this year.  Specifically that charges you with attempted bank

20  fraud on or about December 12 of 2002, in violation of 18 U.S.

21  Code, Section 1344 and Section 2.  Do you understand that charge

22  and the possibly penalties, sir?

23          THE DEFENDANT.  Yes.

24          THE COURT:  What is your plea to it?  Is it guilty or

25  not guilty?

1        THE DEFENDANT:  Guilty.

2        THE COURT   Mr. Jupiter, any reason the Court should

3   not accept that plea?

4        MR  JUPITER.  None at all.

5        THE COURT:  The Court finds that Mr. Nnabue is fully

6   competent and capable of entering an informed plea.  His guilty

7   plea is knowing and voluntary and is supported by an independent

8   basis in fact.

9        I'll therefore sign the report and recommendation concerning

10  plea of guilty.  And the clerk will provide copies of that to

11  both counsel.  Counsel, any objections to that report and

12  recommendation are waived unless they're filed and served within

13  ten days.

14      Subject to the court's consideration of the plea agreement

15  under Rule 11(e)(2), I recommend the court find Mr. Nnabue

16  guilty on count 1 and impose sentence.

17      Sentencing date?

18        THE CLERK:  Sentencing is scheduled for April 11th at

19  9:00 o'clock before Judge Coughenour.

20        THE COURT:  Mr. Nnabue, you will meet with a probation

21  officer of our court and that officer will interview you and do

22  some investigation about your background and about the facts of

23  this case.  The probation office will then prepare a presentence

24  report for Judge Coughenour to read before the sentencing date.

25  You will also have a chance to read that, as will the attorneys.

1    In that report, the probation office will provide Judge

2  Coughenour a lot of information about you and about the case.

3  They'll also do their analysis and recommendations about how the

4  sentencing guidelines apply in your case.  Also probably make a

5  recommendation about the appropriate sentencing guideline range

6  and the appropriate specific sentence in your case.

7    Those are only recommendations to Judge Coughenour  As I

8  mentioned earlier, he is not required to follow those

9  recommendations   Do you understand that process?

10           THE DEFENDANT·  Yes.

11           THE COURT:  All right.  Now, I gather, Mr. Jupiter,

12  that the defendant is applying for release pending sentencing.

13  Is that correct?

14           MR. JUPITER:  That's correct, Your Honor.

15           THE COURT.  Proceed, please.

16           MR. JUPITER·  Well, pretrial services' report

17  recommendation we agree with.   This case originally came before

18  you, Your Honor, and the government had a number of concerns and

19  some of those concerns are still present.

20    But I think that with further investigation of this case,

21  they have been able to determine, as Mr  Lincoln mentioned

22  during the plea agreement, that this in fact was the first time,

23  the only set of days that Mr. Nnabue was actually traveling with

24  someone and he himself participating and had the intent to

25  participate in a scheme to defraud people with credit cards.

1    But his involvement I think has been determined now through

2    investigation, his involvement was just to this one particular

3    ins -- this one particular set of incidents coming here to

4    Seattle, a couple of purchases were made.

5    Matter of fact, him personally there is no -- the credit

6    cards in his possession, I think it's been determined he did not

7    even get around yet to using them.  So, while we still consider

8    that to be serious criminal conduct, I think it does change in

9    terms of the Court's -- the problem that pretrial services was

10   raising with respect to his criminal -- the possibility that he

11   perhaps may have had more involvement with these false

12   identification cards.

13   The other thing that changes, I think, that there has been

14   -- Mr. Nnabue, I think, after coming to understand everything

15   involved here has a better plan for release.   We have submitted

16   a better plan for release.

17   That he would go back to Texas, continue to reside in Texas

18   and stay with his sister there.   Pretrial services has

19   contacted her again.  She is willing to do that    And I think

20   that the conditions that they set in terms of evaluation, in

21   terms of no change of residence and his having to obviously

22   obtain employment and submit travel documents also gives the

23   Court assurances that he will be properly monitored while on

24   release

25            THE COURT   Does he have the resources to get back and

1    forth from Texas?

2        MR   JUPITER   Yes, Your Honor.  I talked to his sister

3    this morning and she said she's purchased a ticket for him to

4    come back today if he's released.

5        THE COURT:  Then what about back to court for

6    sentencing in April and any appearances?

7        MR. JUPITER·  Certainly.  Yes.  She works overtime as

8    a nurse   Has been a nurse for quite some time.  She is also

9    married to someone and they have the financial resources to

10   provide for his travel.

11      Mr. Nnabue should -- has been working for years and years,

12   has always maintained a job or a business.  I think that is

13   verified through his employment history.  And I don't see where

14   it's going to be a problem for him to get a job once he gets

15   back to Dallas as well.  So, they do have the financial

16   resources to do this.

17        THE COURT:  Mr. Lincoln

18        MR. LINCOLN·  Mr. Lincoln -- excuse me.

19        THE COURT.  Mr. Nnabue   You're Lincoln, right?

20        MR. LINCOLN.  Sorry   The government is willing to go

21   along with this disposition.  We did spend the last month

22   looking into the nature of the offense Mr. Nnabue was personally

23   responsible for.  We're convinced now it was relatively -- it

24   resulted in relatively small amounts of losses here

25      Our concern here was that if he stayed in custody pending

1   sentencing, he might do more time than he would otherwise be

2   required to do at the time of sentencing.  And so, for those

3   reasons, we don't oppose his being released at this time.

4          THE COURT·  The other defendant is still pending trial.

5   Is that right?

6          MR. LINCOLN:  That's correct, Your Honor

7          THE COURT·  And there is nothing in the plea agreement

8   at least about any cooperation or testimony by this defendant.

9          MR. LINCOLN:  Nothing in the plea agreement about that,

10  no, Your Honor.  I think it's fair to say we have a pretty

11  strong case against the other defendant and we're still working

12  on the possibility of him coming in and pleading

13         MR. JUPITER   We've been in discussion about that, Your

14  Honor.  Obviously, we don't want to violate the court rules.

15  But certainly if that is something that comes up later, we will

16  be considering that.

17         THE COURT   Okay.  Mr. Nnabue, if the Court releases

18  you on bond pending sentencing, do you promise that you'll make

19  all court appearances required here and also that you'll turn

20  yourself in to begin any sentence if the court sentences you to

21  additional imprisonment?

22         THE DEFENDANT:  Of course

23         THE COURT.  Do you understand that if you willfully

24  fail to appear, it carries up to ten years imprisonment and a

25  fine of $250,000 over and above any penalty in this case?  Do

1  |  you understand that?

2  |  THE DEFENDANT.  Yes.

3  |  THE COURT   The conditions of your bond will be those

4  |  recommended by the pretrial services officer.  Let me cover with

5  |  you first the standard conditions

6  |  You must make all your court appearances   Also turn

7  |  yourself in to begin your sentence if you're sentenced to more

8  |  imprisonment

9  |  You're not to have any law violations while you're on bond

10 |  from the court   If you commit a federal misdemeanor offense, it

11 |  can add a year of imprisonment.  A new federal felony offense

12 |  could add ten years of imprisonment

13 |  You're not to have any improper contact with anyone who

14 |  might be a witness in the case or juror or judicial officer   In

15 |  other words, no obstruction of justice.

16 |  You must give -- in fact, you must reside at 1417 Paula Lane

17 |  in Mesquite, Texas and at the phone number provided in the

18 |  pretrial services report   And you're not to change your

19 |  residence without prior approval of the pretrial services office

20 |  or as directed by pretrial services   Do you understand that,

21 |  sir?

22 |  THE DEFENDANT·  Yes

23 |  THE COURT·  Travel is restricted to the Northern

24 |  District of Texas and Western District of Washington for court

25 |  appearances.

1    You must also surrender your passport and all travel
2    documents to the court and not apply for or obtain any new
3    travel document without permission.

4         MR   JUPITER.   It is in Texas, Your Honor.   As soon as
5    he gets there, he'll be able to obtain it.

6         THE COURT:   Is seven days sufficient time to get that
7    to us?

8         MR. JUPITER:   Yes, Your Honor.

9         THE COURT:   Mr. Nnabue, you'll have your passport
10   posted with our court within ten days of today, which would be
11   February 7.

12        THE DEFENDANT·   Okay.

13        THE COURT:   Additional conditions of your bond   You
14   must submit to drug and alcohol testing, including urinalysis,
15   breathalyzer, sweat patch or hand-held devices as directed by
16   pretrial services.   You are not to use, consume or possess
17   alcohol unless it's a prescription approved by your physician
18   and by pretrial services.

19   You must obtain an evaluation for substance abuse and
20   alcohol abuse counseling as directed by pretrial services.

21   You must maintain employment.   If you become unemployed, you
22   must actively seek employment as directed by the pretrial
23   services office.

24   You are not to possess any Social Security number or
25   identification or documents in any name other than your own.

1   And to the extent that your bond conditions have costs which go

2   with them -- for example, for some of the drug and alcohol

3   testing -- you must pay those costs to the extent you're

4   financially able to do so as determined by pretrial services.

5       Do you understand all those conditions, sir?

6           THE DEFENDANT:  Yes, sir

7           THE COURT.  You promise you'll comply with, follow all

8   those rules?

9           THE DEFENDANT:  Yes.

10          THE COURT   Here is the bond form.  I'd like you to

11  read it over, discuss any questions you might have with Mr.

12  Jupiter.  When you're prepared to promise you'll comply with

13  these, we need you to sign on the second page.

14          MR. JUPITER·  Your Honor, it has in here that he must

15  report to the office of pretrial services on Sixth Avenue.  He's

16  actually going to be reporting in Texas.  I don't have a problem

17  with it being here --

18          THE COURT·  Ms. Cavendish, should he report here first

19  and then Texas?

20          PRETRIAL SERVICES OFFICER CAVENDISH.  Actually no

21  I've given the marshals some reporting instructions for when he

22  returns to Texas.

23          THE COURT:  So he doesn't have to see them here at all?

24          MR. JUPITER:  That's fine

25          THE COURT   Now that we've passed on to you 10,000

1  copies of that, we can probably just ignore it and report in

2  Texas.

3          MR. JUPITER.  That's fine.

4          THE COURT:  Okay  The bond is signed.  Anything

5  further as to Mr. Nnabue?

6          MR. JUPITER·  No, Your Honor.

7          MR  LINCOLN   Nothing further.

8          THE COURT:  You're due before Judge Coughenour on April

9  11th at 9·00 o'clock in the morning for sentencing, sir.  We'll

10 be in recess

11      (At 11:10, court was in recess.)

12                          CERTIFICATE

13

       I, Susan Palmerton, court reporter for the United States
14 District Court in the Western District of Washington at
   Seattle, was present in court during the foregoing matter and
15 reported said proceedings stenographically.

16      I futher certify that thereafter, I, Susan Palmerton, have
   caused said stenographic notes to be transcribed via computer,
17 and that the foregoing pages are a true and accurate
   transcription to the best of my ability.
18
       Dated this 31st day of January, 2003.
19

20

21  _____

                   Susan Palmerton
22

23

24

25