1             UNITED STATES DISTRICT COURT

2            WESTERN DISTRICT OF WASHINGTON

3                 AT SEATTLE

*FILED ———— ENTERED*
*———— LODGED ———— RECEIVED*

**MAR 0 5 2003**

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

5   UNITED STATES OF AMERICA,    )

6          Plaintiff,         )

7   vs                   )    Case CR03-011C

8   TOBECHI ENYINNAYA ONWUHARA,   )

9          Defendant        )

**ORIGINAL**

10

11                    PLEA

on February 24, 2003, before the Honorable Ricardo S  Martinez,

12   United States District Judge, at the United States Courthouse,

13   Seattle, Washington

14

15

16   CR 03-00011  #00000034

17   <u>Appearances of Counsel</u>

18   On Behalf of Plaintiff          LAWRENCE LINCOLN

19                           Assistant U.S  Attorney

20   On Behalf of Defendant          MICHAEL NANCE

21                           Attorney at Law

22

23   Sue Palmerton

24   Official Court Reporter

25   (206) 553-1899

1              UNITED STATES DISTRICT COURT

2             WESTERN DISTRICT OF WASHINGTON

3                      AT SEATTLE

4

5   UNITED STATES OF AMERICA,      )
                                   )
6              Plaintiff,          )
                                   )
7   vs                             )    Case CR03-011C
                                   )
8   TOBECHI ENYINNAYA ONWUHARA,    )
                                   )
9              Defendant           )
    _____)

10                              PLEA

11  on February 24, 2003, before the Honorable Ricardo S. Martinez,

12  United States District Judge, at the United States Courthouse,

13  Seattle, Washington.

14

15

16

17  Appearances of Counsel

18  On Behalf of Plaintiff          LAWRENCE LINCOLN

19                                  Assistant U.S  Attorney

20  On Behalf of Defendant.         MICHAEL NANCE

21                                  Attorney at Law

22

23  Sue Palmerton

24  Official Court Reporter

25  (206) 553-1899

1    Seattle, Washington, Monday, February 24, 2003, 3 50 p m

2         THE COURT   Thank you   Please be seated   All right,

3    gentlemen, thank you for your patience   This is United States

4    versus Onwuhara, criminal cause number 03-11 assigned to Judge

5    Coughenour   Lawrence Lincoln present on behalf of the

6    government and Michael Nance present on behalf of the defendant

7         Mr  Onwuhara, good afternoon

8              THE DEFENDANT   Good afternoon.

9              THE COURT   Sir, I have had a chance to review the

10   documents that the attorneys have put together in this matter

11   I have also had a chance to review the legal file on this

12   Those documents indicate that you are here this afternoon

13   intending to enter a plea of guilty to a felony criminal charge.

14   Is that your understanding?

15              THE DEFENDANT   That's correct

16              THE COURT·  I assume you've discussed this very

17   carefully with Mr  Nance?

18              THE DEFENDANT   Yes, I have.

19              THE COURT·  I assume that you are here acting on his

20   advice to you, his recommendation?

21              THE DEFENDANT   Yes, I am

22              THE COURT·  Do you understand that is exactly what his

23   job is, to give you advice, to make a recommendation?  However,

24   the consequences of pleading guilty to any charge fall on you,

25   not on him   Therefore, you're the only one that can decide this

1  today   Is that understood?

2           THE DEFENDANT   Yes, I understand that

3           THE COURT   Is this your choice?

4           THE DEFENDANT·  Yes

5           THE COURT   Let me tell you how we will proceed   Let

6   me tell you what my role is during this hearing.  First of all,

7   we will swear you under oath.  Then I will ask you a series of

8   questions about your understanding about the charges against

9   you, the rights that you give up by pleading guilty and the

10  potential consequences of the entry of this plea

11     We'll go through the documents that are here, the

12  superseding information, the plea agreement, the waiver of

13  indictment, the consent form, all of that

14     Throughout that question and answer session, if you have any

15  questions about anything that I'm reviewing or discussing, don't

16  hesitate to ask those questions   All right?

17           THE DEFENDANT   All right

18           THE COURT   I need to advise you that you are sworn,

19  you will be sworn to tell the truth   So, if you were to

20  deliberately give any false responses or statements, that could

21  potentially be the basis for another charge in the future of

22  either making a false statement or perhaps even a charge of

23  perjury   Is that understood?

24           THE DEFENDANT   Yes

25           THE COURT   All right.  If you wish to proceed with the

1   plea, let me have you stand, raise your right hand    Our clerk

2   will administer the oath

3       (The defendant was sworn.)

4           THE COURT    Thank you, sir    All right    Let me ask a

5   few questions about you, your background before we get to all

6   the documents here    We have your name on the caption as Tobechi

7   Enyinnaya Onwuhara.   I hope I didn't mispronounce it too badly

8   But is that your true and correct name?

9           THE DEFENDANT    Yes.

10          THE COURT    What is your date of birth, sir?

11          THE DEFENDANT·  July 24, 1979

12          THE COURT    How much formal education have you

13  completed in your lifetime?

14          THE DEFENDANT    I have some college credit

15          THE COURT    I am assuming you are able to read and

16  write in English?

17          THE DEFENDANT    Yes

18          THE COURT    I have a consent form, sir -- well, first

19  of all, there is a superseding information, a new charge that

20  supersedes what was in the old file    I have a consent form, I

21  have a waiver of indictment and then a lengthy plea agreement

22  Have you reviewed those documents for yourself?

23          THE DEFENDANT.   I have reviewed the plea agreement.

24          THE COURT    And have you gone over them with your

25  counsel?

1        THE DEFENDANT   I've gone over them

2        THE COURT   Are you satisfied you understand what those

3   documents contain, what they say?

4        THE DEFENDANT   Yes

5        THE COURT   Have you ever been treated for any type of

6   mental illness or any addiction to narcotic drugs?

7        THE DEFENDANT   No, I've never been treated

8        THE COURT.   Within the last 24 to 48 hours, have you

9   ingested or taken any kind of drug, any alcohol, any

10  prescription medication, anything that might affect your ability

11  to understand what we are discussing here today and the serious

12  implications of all of this?

13       THE DEFENDANT   No, Your Honor.

14       THE COURT   All right   All right, let met get to the

15  documents, then   I indicated that the government has filed a

16  superseding information   That is the charging document charging

17  a single offense here of illegal transactions and attempted

18  transactions with credit card access devices

19     Do you understand that this is now the charge that we are

20  discussing here?  This is the charge that you are asking the

21  Court to accept a plea of guilty to

22       THE DEFENDANT   Yes, I understand

23       THE COURT   I have a consent form   This consent form

24  advises you that you have the absolute right if you wish to have

25  this hearing that we are doing right now before the assigned

1    district judge, in this case Judge Coughenour.  However, it is
2    one of your rights.  You can consent and agree to stay here and
3    do the hearing in front of me

4        The consent form concludes by advising you that ultimately
5    it will be the assigned district judge who decides whether to
6    accept or reject the plea here and any plea agreement    Assuming
7    the plea is accepted, he will be the one that imposes sentence
8    Do you understand that?

9            THE DEFENDANT·  Yes, I understand

10            THE COURT   I have a waiver of indictment    This
11   document advises you that you have an absolute right to be
12   prosecuted only after an indictment has been returned by a grand
13   jury    The government would bear the burden of trying to
14   convince those members of the grand jury that there is enough
15   probable cause to believe that you committed some sort of
16   federal offense    If they can do it, then the grand jury returns
17   an indictment.  If they can't, they wouldn't return a true bill,
18   in which case no prosecution

19        However, it is one of your rights again, you can consent and
20   agree to waive that prosecution by indictment.  You can say no,
21   that's fine, I agree to be prosecuted by information, which is
22   that first document we reviewed

23        This waiver of indictment has been signed by Mr  Lincoln,
24   Mr. Nance    There is a signature in black ink above your printed
25   name    Did you sign and authorize this waiver of indictment?

1          THE DEFENDANT    That is my signature

2          THE COURT    Do you have any questions about that?

3          THE DEFENDANT    No.    I consent

4          THE COURT    Counsel, the Court has signed and approved

5    the waiver of indictment    All right, Mr  Onwuhara, let's go

6    over the plea agreement    Now, do you have a copy in front of

7    you?

8          MR  NANCE.  Yes

9          THE COURT    Now, I know that you've told me that you've

10   reviewed it for yourself    You've gone over it with counsel.

11   That you understood it    I have no doubt that you do    But in

12   order to do my job and just so that we are able to answer any

13   questions you might have at this critical stage, I want to go

14   over it carefully with you    All right?

15      Look at page 1, paragraph 1 talks about the charge    It says

16   there that you, after having been advised of your right to have

17   this matter tried before a jury, you agree to give up that

18   right, enter a plea of guilty to the superseding information

19   That charges the offense of illegal transactions and attempted

20   transactions with credit card access devices in violation of

21   Title 18, it sets out the appropriate sections there of the

22   United States Code

23      Do you understand that is the charge you are asking to plead

24   guilty to?

25          THE DEFENDANT    Yes.

1      THE COURT   It concludes paragraph 1 by indicating that
2   by entering the plea of guilty, you would be waiving or giving
3   up any and all objections to the form of the charging document
4   and the venue   Is that your agreement, sir?

5      THE DEFENDANT   Yes

6      THE COURT.   Turn to paragraph 2, page 2 because that
7   sets out the elements of the offense   Now, the elements of any
8   criminal charge are those things that the government would have
9   to prove beyond any reasonable doubt, usually to the jury as the
10  trier of fact before they could get a conviction for this
11  charge

12      Here they would have to prove the following four elements
13  One, that you knowingly effected transactions and attempted to
14  effect transactions with access devices issued to other people
15  Two, that you obtained and attempted to obtain through such
16  transactions during a one-year period between in or about
17  December 2001 and in or about December 2002, a total of at least
18  $1,000 in payments and/or other things of value   Three, you
19  acted with the intent to defraud   And four, your conduct in
20  some way affected interstate or foreign commerce.

21      Do you understand the elements of this offense?

22      THE DEFENDANT   Yes

23      THE COURT.   Paragraph 3, sir, sets out the maximum
24  statutory penalties for this offense   This is the most the
25  court can impose at sentencing   Now, obviously, Judge

1    Coughenour will have the ability to impose something less than

2    this    But the most that can be imposed is imprisonment of up to

3    15 years, a fine of a quarter million dollars, a period of

4    supervision following release from custody of up to five years.

5    And there is a mandatory $100 penalty assessment that should be

6    paid at or before the time of sentencing

7         Do you understand those maximum statutory penalties

8              THE DEFENDANT    Yes

9              THE COURT·  The paragraph goes on to indicate that you

10   agree that whatever monetary penalties may be imposed at

11   sentence would be due and payable immediately    Furthermore,

12   you're agreeing to submit a completed debtor financial statement

13   form as requested by the U.S  Attorney's office.

14       And finally, it says that you understand that if supervised

15   release is imposed here -- remember the court has the authority

16   to impose up to five years    If that is imposed, there would be

17   certain restrictions and requirements set out    If you were to

18   violate any of those in the future, then you could be returned

19   to prison for all or part of the term of supervised release that

20   was originally imposed    And that could technically result in

21   your serving a total term of imprisonment longer than the

22   statutory maximum we reviewed above    Do you understand?

23              THE DEFENDANT·  Yes

24              THE COURT    Paragraph 4, sir, sets out the rights that

25   you give up by pleading guilty    Let me go over those with you

1  When you ask the Court to accept your plea of guilty, you give
2  up your right to plead not guilty, to persist in that not guilty
3  plea

4      The right to a speedy and public trial before a jury of
5  peers   The right to the effective assistance of counsel,
6  including if you could not afford counsel, the right to have the
7  Court appoint one for you at taxpayer expense

8      The right to be presumed innocent until guilt has been
9  established at trial beyond any reasonable doubt   The right to
10  confront and cross-examine witnesses called against you   The
11  right to compel and subpoena witnesses to appear and testify on
12  your behalf

13      The right to testify yourself at that trial or if you
14  wanted, you can choose to remain silent and if you did, the
15  silence could not be used against you   And finally, you give
16  up the right to appeal any finding of guilt or any pretrial
17  rulings made by the court

18      Do you understand you give up each of those specific rights
19  by pleading guilty?

20          THE DEFENDANT   Yes

21          THE COURT   Paragraph 5 indicates that the United
22  States Sentencing Guidelines set out by the United States
23  Sentencing Commission apply to this case   It goes on to tell
24  you it will be the sentencing court who determines your specific
25  guideline range and that occurs at sentencing

1       Remember now, I told you moments ago the court can impose

2    any sentence authorized by law up to the maximum    And certainly

3    whatever sentence is imposed could be different from or depart

4    from whatever the written guideline range calls for

5       Remember that court is not bound or restricted by any

6    recommendation regarding what sentence should be imposed or how

7    the range is calculated or estimated that may be offered by you,

8    by the government or U S Probation

9       And finally, you will not be allowed to withdraw from the

10   plea of guilty solely because of the sentence imposed by the

11   court.

12      Do you understand?

13           THE DEFENDANT    Yes

14           THE COURT·  In this case, has anyone either promised or

15   guaranteed to you what exact sentence you will receive?

16           THE DEFENDANT    No

17           THE COURT    Paragraph 7 talks about restitution    That

18   is a monetary amount that can be imposed at sentence.  It's

19   different from a penalty assessment or a fine    It's designed to

20   compensate the victim or victims for the -- any losses suffered

21   as a result of the criminal conduct

22      It says in that paragraph that you agree to make full

23   restitution in an amount to be determined with credit, of

24   course, for any amounts already paid at the time of the

25   sentencing

1       And again, the full amount would be due and payable
2    immediately, but of course could be paid in accordance with a
3    schedule of payments as set out by U S. probation and as ordered
4    by the court   Do you understand?

5            THE DEFENDANT   Yes

6            THE COURT.   Paragraph 8 is a statement of facts   It
7    says here that you and the government agree that these facts are
8    true and correct and support your plea of guilty   And also,
9    they are used for purposes of calculating the base offense level
10   under the guidelines.

11      Have you gone over these facts carefully?

12           THE DEFENDANT.   Yes

13           THE COURT·   Do you agree they're true and correct?

14           THE DEFENDANT   Yes

15           THE COURT   All right   Mr  Onwuhara, I'm not going to
16   review each and every line there with you.  However, at the end
17   of my questions, I'm going to ask Mr  Lincoln just to briefly
18   summarize what facts the government would be ready to prove
19   assuming they had to take this matter to trial

20      Let me have you now turn to the next page, page 5 and look
21   at paragraph 9   Because as part of this plea agreement, in that
22   paragraph the U S  Attorney's office for this district is
23   agreeing to move to dismiss the counts in the indictment at the
24   time of sentencing, as well as agreeing not to prosecute you for
25   any other additional offenses known to them as of the time of

1  this agreement that are based upon evidence in their possession

2  or that arise out of the conduct giving rise to this

3  investigation

4      You must recognize, however, that in this regard the

5  government has agreed not to prosecute each and every one of the

6  criminal charges they believe the evidence establishes were

7  committed by you and that is because of the promises you're

8  making   You must understand, however, that for purposes of

9  preparation of any presentence reports, the U S  Attorney's

10 office will provide U S. Probation with evidence of all relevant

11 conduct they believe was committed by you.

12      You are agreeing and acknowledging that the charges to be

13 dismissed at sentencing are based on facts and will not provide

14 you with a basis for any future claims as a prevailing party

15 under the Hyde Amendment.  Do you understand, sir?

16          THE DEFENDANT.  Yes

17          THE COURT   Paragraph 10 says that if you have accepted

18 responsibility for this offense, and the U  S  Probation

19 recommends to the court you receive a downward adjustment to the

20 guidelines because of that acceptance of responsibility, the

21 government also agrees to recommend an appropriate downward

22 adjustment   Is that your understanding?

23          THE DEFENDANT   Yes

24          THE COURT   Paragraph 11 deals with the voluntariness

25 of this plea and it kind of brings me back to where we began our

1   comments earlier today during this hearing about your having

2   made this choice, not anybody else's choice   Not Mr   Nance's,

3   obviously not Mr. Lincoln's, not myself   All right

4       Let me ask you the question this way   In this case, has

5   anyone threatened you in any way or made promises to you other

6   than the ones contained in this plea agreement in order to get

7   you to change your plea from not guilty to one of guilty?

8           THE DEFENDANT   Nobody has

9           THE COURT   Are you doing this, then, of your own free

10  will?

11          THE DEFENDANT   Yes

12          THE COURT   Paragraph 12, sir, talks about the statute

13  of limitations.  It says in the event this agreement is not

14  accepted by the court for whatever reason or in the future you

15  breach or violate any of the terms here, then that formal time

16  period the government has in which they must bring charges for

17  any specific criminal activity is deemed to have been tolled or

18  frozen from the date of the plea agreement to either 30 days

19  following the date of nonacceptance of the agreement by the

20  court or 30 days following the date on which a breach of the

21  agreement by you is discovered by the U S  Attorney's office.

22  Do you understand?

23          THE DEFENDANT   Yes

24          THE COURT   Paragraph 13 says you also understand the

25  terms of this agreement apply only to conduct that has already

1   occurred   In other words, if after the date of this agreement,

2   you should happen to engage in any conduct that would warrant an

3   increase in your adjusted offense level or justify an upward

4   departure under the guidelines -- and examples of that could

5   include, but certainly are not limited to, obstructing justice

6   in some way, failing to appear for court proceedings in the

7   future, other criminal conduct or activity while awaiting

8   sentencing or the making or giving of false statements to law

9   enforcement agents, to probation officers or the court -- then

10   at that point, the government would be free to ask for a

11   sentencing enhancement or seek an upward departure based on that

12   conduct   Do you understand?

13           THE DEFENDANT   Yes, I do

14           THE COURT   The final paragraph, 14, says this is the

15   complete agreement of the parties and this agreement only binds

16   the U S. Attorney's office for the Western District of

17   Washington   It does not bind any other U.S. Attorney's office,

18   any other office or agency of the government or any other state

19   or local prosecutor, except that the parties herein expressly

20   acknowledge that prosecutors from Denton County, Tarrant County

21   and Dallas County, Texas, have all agreed to dismiss charges

22   relating to credit card abuse and use of false identifications

23   currently pending against you in those counties if the facts of

24   the charges pending in those counties are considered in the

25   sentencing in the instant case

1    And to that effect, copies of letters setting forth

2    agreements from Denton, Dallas and Tarrant Counties are attached

3    and made part of this plea agreement    Is that your

4    understanding?

5          THE DEFENDANT·  Yes.

6          THE COURT    Mr  Onwuhara, let me have you listen while

7    Mr  Lincoln just briefly summarizes what facts they would be

8    ready to prove assuming they had to take this matter to trial

9    Counsel.

10          MR    LINCOLN    Thank you, Your Honor.  If this matter

11   were to go to trial, the government would prove beyond a

12   reasonable doubt that beginning in December of 2001 and

13   continuing until December 2002, within the Western District of

14   Washington, additionally within the District of Oregon, within

15   the Northern District of Texas and within the Eastern District

16   of Texas, specifically Denton County, Tarrant County and Dallas

17   County, the defendant executed a scheme with the intent to

18   defraud by effecting various transactions and attempting to

19   effect various transactions using one or more credit card access

20   devices as defined in Title 18, United States Code, Section

21   1029(e)(1), which access devices in this case had been issued to

22   various persons under the names of Robert Charles Palmer, James

23   Alex Weaver, David Smith, Paul Brophy, Riyad Hossainy,  John D

24   Smith, and Keith G  Olson   And that he did this for the purpose

25   of receiving payments and other things of value during that one-

1   year period in an amount totaling approximately $86,447   And

2   that these transactions and attempted transactions affected

3   interstate commerce

4       Specifically the evidence would show that Mr  Onwuhara

5   obtained certain false -- counterfeit, excuse me, Texas driver's

6   licenses in the names that I've just referred to    And also

7   obtained unauthorized credit cards in those names as well    He

8   then went out and effected various transactions at primarily

9   banks and businesses

10      At banks, he went out and attempted to obtain and obtained

11  certain cash advances    At businesses, he attempted to obtain

12  and obtained certain goods and services.  These transactions did

13  affect interstate commerce because the government would be in a

14  position to prove that these cred cards traveled in interstate

15  commerce, and the records of the transactions themselves

16  transmitted in -- were transmitted in interstate commerce

17      And this is all in violation of Title 18, United States

18  Code, Sections 1029(a)(5) and 1029(b)(1).

19          THE COURT   Thank you very much, counsel   Mr

20  Onwuhara, he summarized what is contained in that paragraph   Do

21  you agree that those facts are true and correct?

22          THE DEFENDANT   Yes

23          THE COURT   Sir, are you a citizen of the United

24  States?

25          THE DEFENDANT   Yes

1      THE COURT   You understand that by pleading guilty to a

2  felony crimal charge, you lose valuable civil rights?  You will

3  lose the right to vote.  You lose the right to sit on a jury

4  You lose the right to run for elected office   You lose the

5  right to own, possess or exert any control over any type of

6  firearm or any other destructive device, and that includes all

7  ammunition by definition

8      THE DEFENDANT   Yes

9      THE COURT   You understand those rights are lost

10  forever unless at some point in the future, you become eligible

11  to ask for a reinstatement.  And then only if you return to a

12  court of competent jurisdiction and that court takes an

13  affirmative step of restoring those rights are they restored.

14  They don't come back on their own

15      THE DEFENDANT   Yes

16      THE COURT   Sir, do you have any questions at all for

17  Mr  Nance, Mr  Lincoln, myself about anything that we've

18  reviewed, discussed, anything at all that deals with the entry

19  of this particular plea?

20      THE DEFENDANT·  No

21      THE COURT   You feel you understand it all?

22      THE DEFENDANT   Yes, sir

23      THE COURT   Keeping that understanding in your mind,

24  tell me then for the record how you would like to plead to the

25  single count here of illegal transactions and attempted

1 | transactions with credit card access devices in violation of

2 | Title 18   How would you like to plead?

3 | THE DEFENDANT   I would like to plead guilty

4 | THE COURT:   Mr  Nance, is there any legal reason you

5 | can think of, counsel, why this Court could not accept that

6 | plea?

7 | MR  NANCE   No, Your Honor

8 | THE COURT   Counsel, I agree   After the question and

9 | answer session with Mr  Onwuhara, I am more than satisfied that

10 | he understands the charge against him, the elements of that

11 | offense, the rights that he gives up by pleading guilty, the

12 | extent of the agreement he's reaching with the United States

13 | Government and most importantly, the potential consequences of

14 | the entry of that plea

15 | The Court has reviewed the plea agreement in detail and I'm

16 | satisfied the offense charged is supported by an independent

17 | basis in fact that contains each of the essential elements of

18 | that offense   And the Court is satisfied his plea of guilty is

19 | made knowingly, intelligently and is a voluntary one   The Court

20 | is signing the report and recommendation recommending he be

21 | adjudged guilty and have sentence imposed

22 | Madam Clerk, do we have a sentencing date?

23 | THE CLERK   Yes, we do   Sentencing is scheduled

24 | before Chief Judge Coughenour on May 23rd, 2003, at 9 00 o'clock

25 | a m

1    THE COURT   All right, Mr. Onwuhara, as a result of the

2  hearing today, I'm ordering that presentence reports be prepared

3  for the benefit of the sentencing judge.  Your counsel will do

4  one on your behalf, the government will do one from their

5  perspective    U S  Probation does an independent report

6       In order to do that, a probation officer will contact you

7  and set up a time to do an interview with you.  Now, that

8  interview may certainly take place in the presence of your

9  counsel if you wish.

10       They'll then reduce it to writing, make it available to you

11  for review with Mr  Nance    If upon review, you believe anything

12  in there is incorrect or you object to anything there, let Mr

13  Nance know    That gives him the ability to attempt to correct

14  whatever mistakes or errors you may point to or at the very

15  least, assuming the probation officer is not willing to change

16  what he or she has written, at the very least your counsel can

17  submit written objections to Judge Coughenour in time for his

18  review prior to the actual sentencing date    Do you understand?

19            THE DEFENDANT    Yes, I do

20            THE COURT   Finally today, do you have any questions

21  for me before we recess or conclude this particular hearing?

22            THE DEFENDANT    No, Your Honor

23            THE COURT   Good luck at sentencing   We will be at

24  recess

25       (At 4 14, court was in recess.)

CERTIFICATE

I, Susan Palmerton, court reporter for the United States
District Court in the Western District of Washington at
Seattle, was present in court during the foregoing matter and
reported said proceedings stenographically

I futher certify that thereafter, I, Susan Palmerton, have
caused said stenographic notes to be transcribed via computer,
and that the foregoing pages are a true and accurate
transcription to the best of my ability

Dated this 27th day of February, 2003

_____
Susan Palmerton